**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**LEVEL MARC,**

    **Plaintiff,**

vs.                                        **Case No. 4:23-cv-00420-MW-MAF**

**PAMELA GRICE,
et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, Level Marc, a prisoner proceeding *pro se* and *in forma pauperis*, initiated this case with a handwritten complaint, which was not on the proper form. ECF No. 1. The Court ordered Plaintiff to amend the complaint and advised him of certain deficiencies and that he was required to disclose his litigation history; any affirmative misrepresentations would result in the dismissal of this case. ECF No. 4. Plaintiff's amended complaint is currently before the Court. ECF No. 8. The Court may review a complaint and dismiss it, or any part thereof, if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. See 28 U.S.C. § 1915A. This case is presently before the Court for screening. See 28

U.S.C. § 1915(e)(2)(B)(i) and 28 U.S.C. § 1915A. Dismissal is proper because Plaintiff failed to truthfully disclose his federal litigation history.

I. **Standard of Review**

A federal court conducts an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury. . ." Burrell v. Moore, 854 F. App'x 624 (11th Cir. 2021); See Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (affirming counting as a strike under § 1915(g) an action that was dismissed for an abuse of the legal process because the inmate lied under penalty of perjury about a prior lawsuit), overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007); see also, e.g., Sears v. Haas, 509 F. App'x 935, 935-36 (11th Cir. 2013) (dismissal of action without prejudice as malicious for abuse of judicial process was warranted where inmate failed to disclose case he had filed against prison officials just five months earlier, and failed to disclose another case he filed six years earlier that had been dismissed prior to service for failure to state a claim); Jackson v. Fla. Dep't

of Corr., 491 F. App'x 129, 132-33 (11th Cir. 2012) (dismissal of action without prejudice as malicious for prisoner plaintiff's abuse of judicial process was warranted where plaintiff failed to disclose existence of one prior case, and disclosed existence of another prior case but still failed to disclose that it was dismissed as frivolous, malicious, failing to state a claim, or prior to service).

Federal courts have the inherent authority to *sua sponte* dismiss cases in order to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R. Co., 370 U.S. 626, 631 (1962). A district court "has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing and Landscape Servs., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). This Court must ensure that its limited resources are allocated in such a manner as to protect and promote the interests of justice. Thus, a case in which a plaintiff has maliciously abused the judicial process, warrants dismissal.[1]

---

[1] In general, a dismissal without prejudice does not amount to abuse of discretion. See Dynes v. Army Air Force Exch. Serv., 720 F.2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice, even for a minor violation of a court order, was not an abuse of discretion). Such a dismissal should be allowed absent some plain prejudice other than the mere prospect of a second lawsuit. See Kotzen v. Levine, 678 F.2d 140 (11th Cir. 1982).

## II. Plaintiff's Amended Complaint, ECF No. 8.

Plaintiff sued Pamela Grice, the assistant warden at Franklin Correctional Institution, solely, in her official capacity. ECF No. 8, pp. 1-2. Plaintiff claims that on May 30, 2023, between 4:30 and 5:00 p.m., he returned to his dormitory when he was attacked by a fellow inmate, Jonathan Watson. Id., p. 5. Watson, wielding a homemade knife, inflicted numerous injuries upon Plaintiff, which required emergency medical care. Id. Watson was not assigned to Plaintiff's dorm and belonged in A-Dorm Quad 3, located "on the other side of the compound." Id., pp. 5-6.

Plaintiff maintains the assault resulted from the failure of prison officials to maintain security including following procedures set for checkpoints, locked doors, and formal inmate counts. Id., p. 6. If prison officials followed proper procedures, Watson would not have been outside his own housing area and the assault would not have occurred. Id. Plaintiff received a disciplinary report for fighting with Watson. Id., p. 7.

Plaintiff alleges the assistant warden neglected her duty in violation of the Eighth Amendment. Id., p. 8. Plaintiff seeks $50,000 in compensatory damages and $50,000 in punitive damages. Id.

## III. Plaintiff's Affirmative Misrepresentation.

Plaintiff's *pro se* status does not excuse him from conforming to the

rules governing these proceedings. If the Court cannot rely on the statements or responses made by the parties, the quality of justice is threatened. The Court will not tolerate false responses or statements in any pleading or motion filed before it. Here, Plaintiff signed the complaint under the penalty of perjury. ECF No. 8, p. 15.

In Section VIII, Question C asks, "Have you filed any other lawsuit in federal court either challenging your conviction or otherwise relating to the conditions of your confinement?" Id., p. 12. Plaintiff answered, "Yes." Plaintiff listed one case: Second District Court of Appeals No. 2D12-1382, Level Marc v. State of Florida. Id. In the remaining spaces, Plaintiff wrote "N/A" as if he had no other cases. Not true. Plaintiff filed a habeas petition challenging his state conviction pursuant to 28 U.S.C. § 2254 in S.D. Fla. No. 2:19-cv-14049. The case was dismissed as untimely.

The complaint form warns ". . . **_Failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals – may result in the dismissal of this case_**." ECF No. 8, p. 10. Plaintiff knew that accurate disclosure of his litigation history is required; and dismissal of the instant action might result from any untruthful answers to this section of the complaint form. If Plaintiff suffered no penalty for his untruthful responses to the questions on the complaint form, there

would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the Court might be confronted with widespread abuse from its many prisoner litigants. Therefore, this Court should not allow Plaintiff's misrepresentations to go unpunished.

An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the Court with true factual statements or responses is dismissal without prejudice. See <u>Rivera</u>, 144 F.3d at 731 (dismissal of an action without prejudice as a sanction for a *pro se* prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, is proper); <u>Jackson</u>, 491 F. App'x at 132-33 (dismissal of action without prejudice as malicious for prisoner plaintiff's abuse of judicial process was warranted where plaintiff failed to disclose existence of one prior case, and disclosed existence of another prior case but still failed to disclose that it was dismissed as frivolous, malicious, failing to state a claim, or prior to service).

## IV.  Conclusion and Recommendation

It is respectfully **RECOMMENDED** that this case be **DISMISSED WITHOUT PREJUDICE** as malicious because Plaintiff affirmatively

misrepresented his federal litigation history under the penalty of perjury. It is also recommended that the case be **CLOSED** and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on November 6, 2023.

<u>s/ Martin A. Fitzpatrick</u>
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

**<u>NOTICE TO THE PARTIES</u>**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. <u>See</u> 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).